IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Auto Owners Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:10-cv-683-TLW |
| | ) | |
| Personal Touch Med Spa, LLC, | ) | |
| Inder Hora, Sapna Hora, Alexandria | ) | |
| Gardner, Dana Buffo, and Tracie | ) | |
| Carricker, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER

On January 19, 2011, the plaintiff, Auto Owners Insurance Company ("Auto Owners"), filed a motion to reconsider this Court's Order (Doc. # 44) granting in part and denying in part its motion for summary judgment (Doc. # 27). (Doc. # 47). In the Order for which Auto Owners seeks reconsideration, the Court granted summary judgment to Auto Owners on its argument that the insurance policy it issued to defendant Personal Touch Med Spa, LLC ("Personal Touch") provides no coverage for the claims Alexandria Gardner asserts in the state court action underlying this declaratory judgment proceeding. (Doc. # 44). The Order denied the remainder of Auto Owners' motion for summary judgment. (Doc. # 44). On March 23, 2011, this Court entered a text order staying this case until June 13, 2011. (Entry # 58). This Court entered an Order on August 3, 2011, giving the defendants ten days, if they so desired, to file a response to Auto Owners' motion to

reconsider. (Doc. # 64). Defendants Personal Touch, Inder Hora, and Sapna Hora submitted their response on August 12, 2011.[1] (Doc. # 68). Auto Owners filed a reply to this response. (Doc. # 70).

In its motion to reconsider, Auto Owners requests that the Court amend its Order with respect to the claims defendants Dana Buffo ("Buffo") and Tracie Carricker ("Carricker") assert in the underlying state court action. With regard to Buffo, Auto Owners presents a stipulation by Buffo that the alleged incidents which give rise to all of the causes of action she asserts in the underlying state court complaint occurred prior to December 1, 2008. (Doc. # 45). The stipulation is signed by Buffo's attorney. (Doc. # 45). As noted in the Order ruling on Auto Owners' summary judgment motion (Doc. # 44), the Auto Owners insurance policy issued to defendant Personal Touch Med Spa, LLC has effective dates providing coverage from December 7, 2008, until December 7, 2009. The policy indicates that it applies to sums the insured becomes legally obligated to pay as damages because of "bodily injury" only if "the 'bodily injury' . . . occurs during the policy period." Similarly, the policy states it only applies to "personal injury" caused by an offense committed "during the policy period." Additionally, the Employment Practices Liability Insurance Coverage Endorsement to the policy also states that it applies only to a "wrongful employment act" that commences or takes place during the Endorsement's coverage period, which is the same as the period for the rest of the policy. In their response to Auto Owners' motion to reconsider, Personal Touch, Inder Hora, and Sapna Hora concede that Buffo's claims in the underlying state court action originate outside of the policy period based on her filed stipulation (Doc. # 45) and that, as a result of this stipulation, the Auto Owners policy does not apply to the claims she asserts in the state court

---

[1] The attorney for defendants Alexandria Gardner, Dana Buffo, and Tracie Carricker did not file a response to Auto Owners' motion for summary judgment or its motion to reconsider.

2

action. Therefore, this Court grants summary judgment to Auto Owners as to its argument that the policy provides no coverage for the claims alleged by Buffo in the underlying state court complaint.

As for Carricker, Auto Owners presents deposition testimony provided by Carricker and asserts on the basis of this testimony there is no coverage under the policy for the claims she asserts in the underlying state court action. Auto Owners relies on language in the policy indicating it applies to "bodily injury" only if:

> Prior to the policy period, no insured . . . and no employee authorized by you to give or receive notice of an "occurrence" or claim, knew or should have known that the "bodily injury" . . . had occurred, in whole or in part. If such a listed insured or authorized employee knew or should have known, prior to the policy period, that the "bodily injury" . . . occurred, then any continuation, change or resumption of such "bodily injury" . . . during or after the policy period will be deemed to have been known prior to the policy period.

"Bodily injury" is defined under the policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Based on Carricker's deposition testimony, Auto Owners asserts that, with the exception of the incident that allegedly occurred at the Crown Reef Hotel, all alleged incidents of misconduct by Inder Hora took place prior to the inception of the policy and that any bodily injury sustained at the Crown Reef was a continuation of bodily injury about which the insured's managers had knowledge before the policy period. (Doc. # 47). As a result, Auto Owners argues there is no coverage for the claims Carricker asserts in the state court action.

However, in addition to "bodily injury," the Auto Owners policy also applies to "personal injury," which is defined under the policy as "injury, other than 'bodily injury', arising out of one or more of the following offenses: . . . false arrest, detention or imprisonment . . . ." In the state court complaint, Carricker asserts a cause of action for false imprisonment and alleges that, during the

3

event at the Crown Reef, Inder Hora grabbed her by the arm and forcefully held her when she tried to get away. Additionally, in their response to Auto Owners' motion to reconsider (Doc. # 68), Personal Touch, Inder Hora, and Sapna Hora reference and attach deposition testimony by Carricker where she testifies that, during the event at the Crown Reef, Inder Hora kept grabbing her forcefully and continued to grab her every time she pulled herself away. The policy provision upon which Auto Owners relies in its motion to reconsider does not indicate it applies to "personal injury." Thus, the injury Carricker allegedly sustained at the Crown Reef would need to fall exclusively within the definition of "bodily injury" as set forth in the policy for the provision upon which Auto Owners relies in its motion to reconsider to mean there is no coverage. A sufficient basis has not been presented for the Court to reach this conclusion. Therefore, Auto Owners' motion to reconsider is denied as to the claims Carricker asserts in the underlying state court complaint.

For the reasons set forth herein, Auto Owners' motion to reconsider (Doc. # 47) is **GRANTED** with respect to Dana Buffo's claims, meaning summary judgment is **GRANTED** to Auto Owners on this issue as this Court finds there is no coverage under the Auto Owners policy for the claims Buffo asserts in the underlying state court action. Auto Owners' motion to reconsider (Doc. # 47) is **DENIED** as to the issue of whether coverage exists under its policy for the claims Tracie Carricker asserts in the underlying state court action.

**IT IS SO ORDERED.**

s/Terry L. Wooten  
TERRY L. WOOTEN  
United States District Judge

October 18, 2011  
Florence, South Carolina